W. CHRIS WICKER (State Bar No. 1037)
MICHAEL W. KEANE (State Bar No. 7398)
WOODBURN AND WEDGE
6100 Neil Road, Suite 500
Reno, NV   89511
Telephone: (775) 688-3000
Facsimile: (775) 688-3088
wcwicker@woodburnandwedge.com
mkeane@woodburnandwedge.com

PHILIP M. SMITH
PATTON BOGGS
1185 Avenue of the Americas
30th Floor
New York, New York 10036
Telephone:  (646) 557-5145
Facsimile:  (646) 557-5101
pmsmith@pattonboggs.com

Attorneys for Defendants American Oil
& Gas Inc., Patrick D. O'Brien, Andrew P.
Calerich, Jon R. Whitney, Nick DeMare,
and Scott Hobbs

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | | |
|---|---|---|
| JOSEPH V. LUVARA, Individually And on Behalf of All Others | ) ) ) | Case No. |
| Plaintiff, | ) ) ) | **NOTICE OF REMOVAL** **(28 U.S.C. §§1441, 1446)** |
| vs. | ) ) ) | |
| AMERICAN OIL & GAS INC., PATRICK D. O'BRIEN, ANDREW P. CALERICH, JON R. WHITNEY, NICK DeMARE, SCOTT HOBBS and HESS CORPORATION, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

TO:    THE UNITED STATES DISTRICT COURT, DISTRICT OF NEVADA:

-1-

Defendants, American Oil and Gas Inc. ("American Oil and Gas"), Patrick D. O'Brien, Andrew P. Calerich, Jon R. Whitney, Nick DeMare, Scott Hobbs (collectively "Removing Defendants"), by and through their attorneys, Woodburn and Wedge, file this Notice of Removal.

1.      American Oil and Gas, Patrick D. O'Brien, Andrew P. Calerich, Jon R. Whitney, Nick DeMare, Scott Hobbs are defendants in the civil action commenced on July 29, 2010, in the First Judicial District Court of the State of Nevada, entitled <u>Joseph V. Luvara vs. American Oil and Gas Inc., Patrick D. O'Brien, Andrew P. Calerich, Jon R. Whitney, Nick DeMare, Scott Hobbs and Hess Corporation,</u> bearing case no. 10-0C00321 1B. A true and correct copy of the Summons and the Complaint, which was filed on or about July 29, 2010, are attached hereto as Exhibit A.

2.      Pursuant to 28 U.S.C. §§1441, 1446, Removing Defendants remove this action to the United States District Court for the District of Nevada, which is the judicial district in which this action is pending.

### Diversity Jurisdiction.

3.      Removal of this action from the Second Judicial District Court of Nevada to this Court is proper under 28 U.S.C. §1441(a) because this Court would have had original jurisdiction of the action on the basis of diversity of citizenship, pursuant to 28 U.S.C. §1332, had the action originally been brought in this Court.

4.      There is complete diversity of citizenship between Plaintiff and Defendants in this action because:

   a.      Plaintiff, Joseph V. Luvara is believed to be a resident of Pennsylvania.

   b.      Defendant Patrick D. O'Brien is a resident of the State of Colorado.

   c.      Defendant Andrew P. Calerich is a resident of the State of Colorado.

-2-

d.   Defendant Jon R. Whitney is a resident of the State of Colorado.

e.   Defendant Nick DeMare is a Canadian citizen.

f.   Defendant Scott Hobbs is a resident of the State of Colorado.

g.   Hess Corporation is a Delaware corporation and maintains its principal place of business in the State of New York.

h.   American Oil and Gas is a Nevada corporation and maintains its principal place of business in the State of Colorado. The only non-diverse, Nevada resident defendant is American Oil. Since American Oil has been fraudulently joined, its presence will not defeat diversity jurisdiction. *See Ritchey v. Upjohn Drub Co.*, 139 F.3d 1313, 1318 (9th Cir. 1988).

5.   Diversity Jurisdiction is Proper because Defendant American Oil and Gas was fraudulently joined and therefore removal of this action is also proper under 28 U.S.C. 1441(b) and 28 U.S.C. 1332(a) , because as specified above, no party <u>properly</u> joined in this action as a defendant is a citizen of the State of Nevada, the State in whose court the action is currently pending and because the parties to this action are citizens of different states.

6.   The amount in controversy in this case exceeds $75,000. In this action, the Plaintiff exclusively seeks injunctive relief. When a plaintiff seeks equitable relief, "the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347 (1977). Here, the Plaintiff seeks to halt the merger between American Oil & Gas, Inc. and Hess Corp. The value of the Plaintiff's relief amounts to hundreds of millions of dollars, both in value lost to the putative class and in harm done to the Defendants.

Because the Plaintiff seeks an injunction that enforces a collective right of the class—the right of all shareholders to the fiduciary duties of the officers and directors—it is

appropriate to consider the value of the injunction from the Defendants' perspective. *In re Ford Motor Co.*, 264 F.3d 952, 959 (9th Cir. 2001); *cf. Eagle v. AT&T Co.*, 769 F.2d 541, 547 (9th Cir. 1985) (holding shareholders' derivative claim to be the exercise of a common, undivided right for the purposes of amount-in-controversy). The Plaintiff alleges that the Defendants stand to gain $57 million from the transaction. (Luvara Compl. ¶¶ 9, 39.) Thus, the Defendants will lose more than $75,000 if the Plaintiff gets the relief it requests.

The value of the injunctive relief also meets the amount-in-controversy threshold from the Plaintiff's perspective. The Plaintiff alleges that American Oil's stock price closed at $7.14 per share once the merger was announced, but that analysts had predicted a target of $8.79 per share. (Luvara Compl. ¶ 3, 4.) Given that American Oil has approximately 60 million shares of stock (Luvara Compl. ¶ 24), the alleged loss to the Plaintiff class totals around $99 million dollars. The amount-in-controversy threshold is thus satisfied from either the Plaintiff's or the Defendants' viewpoint. *In re Ford Motor Co.*, 264 at 959.

7.    Defendant, Hess Corporation, joins in the removal of this action to the United States District Court, District of Nevada.

8.    This Notice of Removal is timely under 28 U.S.C. §1441(b), because it is filed within 30 days after the receipt by the Removing Defendants of the Summons Complaint.

9.    A copy of the Notice of Removal of Case to Federal Court filed on August 19, 2010, in the First Judicial District Court of the State of Nevada, in case no. 10-0C00322 1B, is attached hereto as Exhibit B.

10.    All pleadings on file in the state court action at the time of removal are attached hereto as follows:

| Title of Pleading | Filing Date | Exhibit No. |
| --- | --- | --- |
| Summons and Complaint | July 29, 2010 | A |

1       **WHEREFORE**, Defendants American Oil and Gas, Inc, Patrick D. O'Brien, Andrew

2   P. Calerich, John R. Whitney, Nick DeMare and Scott Hobbs respectfully request that this

3   action be removed to the United States District Court, District of Nevada.

4       DATED this ⟍⟋ day of August, 2010.

5

6                                         WOODBURN AND WEDGE

7

8                                         By: ⟍⟍⟍⟍⟍⟍⟍⟍⟍⟍⟍⟍⟍⟍⟍⟍⟍⟍
                                              W. Chris Wicker
9                                             Michael W. Keane
                                          Attorneys for Defendants, American Oil and Gas
10                                        Inc., Patrick D. O'Brien, Andrew P. Calerich, Jon
                                          R. Whitney, Nick DeMare, and Scott Hobbs
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# CERTIFICATE OF MAILING

Pursuant to FRCP 5(b), I certify that I am an employee of Woodburn and Wedge and that on this date I deposited in the United States Mail, with postage prepaid, a true copy of the foregoing document in a sealed envelope addressed to:

William O'Mara
David O'Mara
William O'Mara Law Firm, P.C.
311 East Liberty Street
Reno, NV 89501

Robbins Geller Rudman & Dows LLP
Darren J. Robbins
Randall J. Baron
A. Rick Atwood, Jr.
David T. Wissbroecker
David A. Knotts
Eun Jin Lee
655 West Broadway, Suite 1900
San Diego, CA 92101-3301

Kendall Law Group
Joe Kendall
Scott Kendall
3232 McKinney Avenue, Suite 700
Dallas, TX 75204

Abran Vigil
Robert C. Kim
Shane Jasmine Young
100 North City Parkway, Suite 1750
Las Vegas, NV 89106-4617

DATED this 19th day of August, 2010.

Candace J Mayhew

-6-

# EXHIBIT A

# EXHIBIT A

| | |
|---|---|
| Your name: | David C. O'Mara, Esq. (8599) |
| Mailing Address: | 311 E. Liberty Street |
| City, State, Zip: | Reno, NV 89501 |
| Telephone: | (775) 323-1321 |
| In Proper Person | |

# In The First Judicial District Court of the State of Nevada
# In and for Carson City

| | |
|---|---|
| JOSEPH V. LUVARA, | ) Case No.: 10 CC C0321 1B |
| Plaintiff, | ) Dept. No. I |
| vs. | ) Add 1 |
| AMERICAN OIL & GAS, INC., et al | ) **SUMMONS** |
| Defendant. | ) |

**THE STATE OF NEVADA SENDS GREETINGS TO THE ABOVE-NAMED DEFENDANT:**

**NOTICE!  YOU HAVE BEEN SUED.  THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS.**

**READ THE INFORMATION BELOW.**

TO THE DEFENDANT:  A civil Complaint has been filed by the plaintiff against you.

1. If you wish to defend this lawsuit, you must, within 20 days after this Summons is served on you, exclusive of the day of service, file with this Court a written pleading* in response to this Complaint.
2. Unless you respond, your default will be entered upon application of the plaintiff, and this Court may enter a judgment against you for the relief demanded in the Complaint**, which could result in the taking of money or property or the relief requested in the Complaint.
3. If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.
4. You are required to serve your response upon plaintiff's attorney, whose address is

ALAN GLOVER, Clerk of the Court

By: _____, Deputy Clerk

Date: _____, 20 10 .

*There is a fee associated with filing a responsive pleading. Please refer to fee schedule.
**Note – When service by publication, insert a brief statement of the object of the action. See Rule 4.

**RETURN OF SERVICE ON REVERSE SIDE**

Page 1 of 2

Summons/W/08-12-09

**AFFIDAVIT OF SERVICE (For General Use)**

1  STATE OF _____)
                                     ) ss.
2  COUNTY OF _____)

3  _____, declares under penalty of perjury:

4  That affiant is, and was on the day when (s)he served the within Summons, over 18 years of age, and not a party to,
   nor interested in, the within action; that the affiant received the Summons on the _____ day of

5  _____, 20_____, and personally served the same upon _____

6  the within named defendant, on the _____ day of _____, 20_____, by delivering to the said defendant,
   personally, in _____, County of _____, State of _____, a

7  copy of the Summons attached to a copy of the Complaint.

8  I declare under penalty of perjury under the law of the state of Nevada that the foregoing is true and correct.
   Executed this _____ day of _____, 20___. _____

9                                                              Signature of person making service

   **NEVADA SHERIFF'S RETURN**
10                                                           **(for use of Sheriff of Carson City)**
   STATE OF NEVADA                )
11                                ) ss.
   CARSON CITY                    )
12
   I hereby certify and return that I received the within Summons on the _____ day of _____,
13 20_____, and personally served the same upon _____,
   the within named defendant, on the _____ day of _____, 20_____, by delivering to the said
14 defendant, personally, in Carson City, State of Nevada, a copy of the Summons attached to a copy of the Complaint.
15                                                  KENNY FURLONG, Sheriff of Carson City, Nevada

16 Date: _____, 20_____.        By:_____, Deputy

17                                                           **AFFIDAVIT OF MAILING**
18                                          **(For use when service is by publication and mailing)**
   STATE OF _____)
                             ) ss.
19 COUNTY OF _____)

20 _____, declares under penalty of perjury:
   That affiant is, and was when the herein described mailing took place, over 18 years of age, and not a party to, nor
21 interested in, the within action; that on the _____ day of _____, 20_____, affiant deposited in the
22 Post Office at _____, Nevada, a copy of the within Summons attached to a copy of the
   Complaint, enclosed in a sealed envelope upon which first class postage was fully prepaid, addressed to
23 _____ the within named defendant, at _____
24 _____; that there is a regular communication by mail
   between the place of mailing and the place so addressed.
25 I declare under penalty of perjury under the law of the state of Nevada that the foregoing is true and correct.
   Executed this _____ day of _____, 20___. _____

   **NOTE -**        If service is made in any manner permitted by Rule 4 other than personally upon the defendant, or
   is made outside the United States, a special affidavit or return must be made.

   Summons/W/08-12-09

1  THE O'MARA LAW FIRM, P.C.
   WILLIAM M. O'MARA (Nevada Bar No. 837)
2  DAVID C. O'MARA (Nevada Bar No. 8599)
   311 East Liberty Street
3  Reno, NV  89501
   Telephone:  775/323-1321
4  775/323-4082 (fax)

5  Attorneys for Plaintiff

6  [Additional counsel appear on signature page.]

7

8

       IN THE FIRST JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA
9
                         IN AND FOR CARSON CITY
10

11 JOSEPH V. LUVARA, Individually    )
   and on Behalf of All Others       )
12 Similarly Situated,               )   Case No. 10 OC 00321 B
                                     )
13                       Plaintiff,  )
                                     )   Dept No. I
14     vs.                           )
                                     )   CLASS ACTION
15 AMERICAN OIL & GAS INC.,          )
   PATRICK D. O'BRIEN, ANDREW P.     )   COMPLAINT FOR BREACH OF
16 CALERICH, JON R. WHITNEY, NICK    )   FIDUCIARY DUTIES
   DeMARE, SCOTT HOBBS and HESS      )
17 CORPORATION,                      )
                                     )
18                      Defendants.  )
   _____
19

20

21

22

23

24

25

26

27

28

**INTRODUCTION**

1.    This is a stockholder class action brought by plaintiff on behalf of the holders of  American Oil & Gas Inc. ("American Oil" or the "Company") common stock against American Oil, its Board of Directors (the "Board"), and Hess Corporation ("Hess"), arising out of their breaches of fiduciary duty and/or aiding and abetting such breaches of fiduciary duty in connection with their agreement to enter into a merger transaction whereby Hess will acquire American Oil via an unfair process and at an unfair price (the "Proposed Buyout").

2.    American Oil is an independent oil and gas exploration and production company, incorporated in Nevada, engaged in acquiring oil and gas mineral leases and in the exploration and development of crude oil and natural gas reserves and production in the United States Rocky Mountain region.  American Oil's focus has been on building large acreage positions in the Rocky Mountain region and performing initial drilling and completion activities in an attempt to establish commercial production in these areas.  As of December 31, 2009, American Oil owned interests in approximately 514,000 gross (320,600 net) acres primarily in the Powder River Basin of Wyoming, in the Williston Basin of North Dakota and in its Bigfoot project in the Rocky Mountain region.  In the Powder River Basin, its major projects are Fetter and Krejci. In the Williston Basin, its major project is Goliath, where it is drilling lateral wells to the Bakken and Three Forks oil formations. During the year ended December 31, 2009, it drilled 11 gross (8.25 net) shallow gas wells at Bigfoot, acquired interests in 10 gross (0.6 net) wells

1   previously drilled at Goliath and sold interests in three gross
2   (one net) wells previously drilled at Goliath.

3        3.    On July 27, 2010, Hess and American Oil jointly announced
4   that both companies had entered into a merger agreement whereby
5   each outstanding share of American Oil common stock would be
6   exchanged for 0.1373 shares of Hess common stock.  This amount,
7   according to the joint press release, represents a mere 9.4%
8   premium to the price of American Oil's stock at closing on July 27,
9   2010.    But the market viewed the Proposed Buyout even less
10  favorably.   After the announcement, on July 28, 2010, American
11  Oil's shares closed at $7.14 per share, representing only a 6.73%
12  increase from the day before.  The July 28, 2010 closing price also
13  represents a **discount** to American Oil's stock price on May 3, 2010,
14  which hit $7.74 per share.

15       4.    The Proposed Buyout also amounts to a significant
16  discount to analysts' expectations of American Oil's stock price.
17  According to Thomson/First Call, one analyst set a target price of
18  **$10.00 per share** and the mean target of all analysts covering
19  American Oil was $8.79 per share before the announcement of the
20  Proposed Buyout.

21       5.    American Oil's stockholders have also enjoyed tremendous
22  gains in the value of their stock throughout the past year.   The
23  paltry consideration offered by Hess does not take into account the
24  significant recent improvement in American Oil's financial
25  performance, which propelled the Company's stock price from just
26  $0.61 per share to $6.69 per share on July 27, 2010, **representing a**
27  **1,000% increase.**   That rise would have continued unabated but for
28  the announcement of the Proposed Buyout on July 27, 2010, which

-2-

1  serves to temporarily restrict the ascension of American Oil's
2  stock price.    Over the next four quarters, according to
3  Thomson/First Call, analysts predict astounding 822.50% and 265.70%
4  increases in American Oil's sales growth over this year and next,
5  respectively.    For the next quarter, analysts predict a *1,150%*
6  increase in American Oil's sales.

7      6.    Hess's stock price, on the other hand, has decreased
8  nearly 20% in the past three months alone.    Notably, Hess's
9  production in the United States was derived principally from
10 properties offshore in the Gulf of Mexico, which include the Shenzi
11 (Hess 28%), Llano (Hess 50%), Conger (Hess 38%), Baldpate (Hess
12 50%), Hack Wilson (Hess 25%) and Penn State (Hess 50%) fields.
13 According to its last annual report, Hess had actually planned on
14 *increasing* its drilling operations in the Gulf of Mexico in 2010.

15     7.    Thus, if the Proposed Buyout is allowed to proceed,
16 American Oil shareholders – who have seen a 1,000% increase in
17 their stock in the past year – will be forced to turn over their
18 American Oil shares in exchange for rapidly declining securities in
19 a company whose primary United States production in 2009 came from
20 the Gulf of Mexico.    In the wake of the BP disaster, that is not a
21 good trade.

22     8.    To illustrate, American Oil's stock price over the past
23 12 months is compared to that of Hess in the chart below:

24

25

26

27

28



9. The Individual Defendants, on the other hand, along with top Company executives, held a combined 8,199,762 shares as of April 27, 2010, and stand to gain at least *$57 million* if the Proposed Buyout is consummated. Much of these holdings are in the form of illiquid large block or restricted stock options that could not have otherwise been sold in the near term.

10. In pursuing the unlawful plan to sell the Company for less than fair value, defendants have breached their fiduciary duties of loyalty, due care, independence, candor, good faith and fair dealing, and/or have aided and abetted such breaches. Instead of acting in the best interests of American Oil's shareholders, defendants spent a substantial effort tailoring the Proposed Buyout to meet their own needs and those of Hess. Immediate judicial intervention is warranted here to rectify existing and future irreparable harm to the Company's shareholders. Plaintiff seeks equitable relief only to enjoin the Proposed Buyout or, alternatively, rescind the Proposed Buyout in the event it is consummated.

-4-

**JURISDICTION AND VENUE**

11. This Court has jurisdiction over defendants because they conduct business in Nevada and/or are citizens of Nevada. American Oil is incorporated under the laws of the State of Nevada and conducts business in Nevada. This action is not removable.

12. Venue is proper in this Court because the conduct at issue took place and had an effect in this County.

**PARTIES**

13. Plaintiff Joseph V. Luvara is, and at all times relevant hereto was, a shareholder of American Oil.

14. Defendant American Oil is an independent oil and gas exploration and production company, incorporated in Nevada, engaged in acquiring oil and gas mineral leases and in the exploration and development of crude oil and natural gas reserves and production in the U.S. Rocky Mountain region. American Oil is traded on the New York Stock Exchange under the ticker AEZ.

15. Defendant Patrick D. O'Brien ("O'Brien") is the CEO and Chairman of American Oil's Board and has occupied those positions since February 2003. As of April 27, 2010, O'Brien held 2,873,859 shares of American Oil common stock, meaning that he will stand to gain over $20 million if the Proposed Buyout is consummated. Along with these common stock holdings, O'Brien holds restricted stock options that, absent consummation of the Proposed Buyout, would not have been exercisable until 2014.

16. Defendant Andrew P. Calerich ("Calerich") has been the Company's President since July 2003, a director since October 2003 and was CFO from July 2003 through June 29, 2006. As of April 27, 2010, O'Brien held 1,552,188, shares of American Oil common stock,

1   meaning that he will stand to gain over $10 million if the Proposed
2   Buyout is consummated.   Along with these common stock holdings,
3   Calerich holds restricted stock options that, absent consummation
4   of the Proposed Buyout, would not have been exercisable until 2014.

5        17.   Defendant Jon R. Whitney ("Whitney") has held a seat on
6   American Oil's Board since February 2005.   Whitney is currently on
7   the Board's Compensation Committee, Audit Committee, and Nominating
8   and Corporate Governance Committee.   As of April 27, 2010, Whitney
9   held 202,519 shares of American Oil stock.

10       18.   Defendant Nick DeMare ("DeMare") has been on the American
11  Oil Board since October 2003 and is currently on the Board's
12  Compensation  Committee,  Audit  Committee,  and  Nominating  and
13  Corporate Governance Committee.   As of April 27, 2010, DeMare held
14  415,819 shares of American Oil stock

15       19.   Defendant Scott Hobbs ("Hobbs") has been on the American
16  Oil Board since 2008 and is currently on the Board's Compensation
17  Committee, Audit Committee, and Nominating and Corporate Governance
18  Committee.   As of April 27, 2010, Hobbs held 143,519 shares of
19  American Oil stock.

20       20.   The defendants named above in ¶¶15-19 are sometimes
21  collectively referred to herein as the "Individual Defendants."

22       21.   Defendant Hess, a Delaware corporation with headquarters
23  in New York, is a global integrated energy company engaged in the
24  exploration, production, purchase, transportation and sale of crude
25  oil and natural gas, as well as the production and sale of refined
26  petroleum products.   Hess is traded on the New York Stock Exchange
27  under the ticker HES.

28

1

**CLASS ACTION ALLEGATIONS**

2      22.   Plaintiff brings this action individually and as a class

3  action on behalf of all holders of American Oil stock who are being

4  and will be harmed by defendants' actions described below (the

5  "Class").   Excluded from the Class are defendants herein and any

6  person, firm, trust, corporation, or other entity related to or

7  affiliated with any defendant.

8      23.   This action is properly maintainable as a class action.

9      24.   The Class is so numerous that joinder of all members is

10  impracticable.   According to American Oil's Securities and Exchange

11  Commission ("SEC") filings, there are more than 60 million shares

12  of American Oil common stock outstanding, held by hundreds if not

13  thousands of shareholders geographically dispersed across the

14  country.

15      25.   There are questions of law and fact which are common to

16  the Class and which predominate over questions affecting any

17  individual Class member.   The common questions include, *inter alia*,

18  the following:

19          (a)   whether the Individual Defendants have breached

20  their fiduciary duties of undivided loyalty, independence or due

21  care with respect to plaintiff and the other members of the Class

22  in connection with the Proposed Buyout;

23          (b)   whether the Individual Defendants are engaging in

24  self-dealing in connection with the Proposed Buyout;

25          (c)   whether the Individual Defendants are unjustly

26  enriching themselves and other insiders or affiliates of American

27  Oil;

28

-7-

1           (d)   whether the Individual Defendants have breached any

2  of their other fiduciary duties to plaintiff and the other members

3  of the Class in connection with the Proposed Buyout, including the

4  duties of good faith, diligence, honesty and fair dealing;

5          (e)   whether the defendants, in bad faith and for

6  improper motives, have impeded or erected barriers to discourage

7  other offers for the Company or its assets; and

8         (f)   whether plaintiff and the other members of the Class

9  would suffer irreparable injury unless defendants' conduct is

10  enjoined.

11    26.   Plaintiff's claims are typical of the claims of the other

12  members of the Class and plaintiff does not have any interests

13  adverse to the Class.

14    27.   Plaintiff is an adequate representative of the Class, has

15  retained competent counsel experienced in litigation of this

16  nature, and will fairly and adequately protect the interests of the

17  Class.

18    28.   The prosecution of separate actions by individual members

19  of the Class would create a risk of inconsistent or varying

20  adjudications with respect to individual members of the Class which

21  would establish incompatible standards of conduct for the party

22  opposing the Class.

23    29.   Plaintiff anticipates that there will be no difficulty in

24  the management of this litigation.  A class action is superior to

25  other available methods for the fair and efficient adjudication of

26  this controversy.

27    30.   Defendants have acted on grounds generally applicable to

28  the Class with respect to the matters complained of herein, thereby

- 8 -

1   making appropriate the relief sought herein with respect to the
2   Class as a whole.

3                   **BACKGROUND TO THE PROPOSED BUYOUT**

4        31.   American Oil is an independent oil and gas exploration
5   and production company, incorporated in Nevada, engaged in
6   acquiring oil and gas mineral leases and the exploration and
7   development of crude oil and natural gas reserves and production in
8   the U.S. Rocky Mountain region.  American Oil's focus has been on
9   building large acreage positions in the Rocky Mountain region and
10  performing initial drilling and completion activities in an attempt
11  to establish commercial production in these areas.  At December 31,
12  2009, American Oil owned interests in approximately 514,000 gross
13  (320,600 net) acres primarily in the Powder River Basin of Wyoming,
14  in the Williston Basin of North Dakota and in its Bigfoot project
15  in the Rocky Mountain region.  In the Powder River Basin, its major
16  projects are Fetter and Krejci. In the Williston Basin, its major
17  project is Goliath, where it is drilling lateral wells to the
18  Bakken and Three Forks oil formations. During the year ended
19  December 31, 2009, it drilled 11 gross (8.25 net) shallow gas wells
20  at Bigfoot, acquired interests in 10 gross (0.6 net) wells
21  previously drilled at Goliath and sold interests in three gross
22  (one net) wells previously drilled at Goliath.

23       32.   On July 27, 2010, Hess and American Oil jointly announced
24  that both companies had entered into a merger agreement whereby
25  each outstanding share of American Oil common stock would be
26  exchanged for 0.1373 shares of Hess common stock (the "Proposed
27  Buyout").  The July 27, 2010 press release states:

28

**Hess Corporation to Acquire American Oil & Gas, Inc.**

Hess Corporation and American Oil & Gas, Inc. jointly announced today that Hess has agreed to acquire American Oil & Gas pursuant to a merger agreement approved by the Boards of Directors of both companies in an all-stock transaction.   The acquisition will increase Hess' strategic acreage position in the Bakken oil play in North Dakota by approximately 85,000 net acres.

Under terms of the agreement, Hess has agreed to issue 0.1373 shares of its common stock in exchange for each outstanding share of American Oil & Gas' common stock.  This represents a 9.4 percent premium to American Oil & Gas stockholders based on the closing stock prices of Hess' and American Oil & Gas' shares on July 27, 2010. It is expected that Hess would issue approximately 8.6 million shares for all outstanding American Oil & Gas shares and options on a net settlement basis.  The merger agreement provides for a possible cash dividend to American Oil & Gas' stockholders to the extent of American Oil & Gas' positive working capital as of the closing date (subject to certain adjustments that are described in the merger agreement) and subject to available cash.  Hess has committed (subject to the terms and conditions of a customary commitment letter) to provide American Oil & Gas with a $30 million working capital credit facility to help finance American Oil & Gas' planned exploration and production activities and other working capital needs prior to the closing of the transaction.

"This acquisition builds upon our strong land position in the Bakken, leverages our nearby infrastructure and offers operational synergies," said Greg Hill, President of Worldwide Exploration and Production at Hess.

"We believe this transaction captures the value that we have been able to create since our initial entry in the North Dakota Bakken play four years ago," said Pat O'Brien, CEO of American Oil & Gas.   "We are excited about the leverage our stockholders will gain not only to Hess' compelling Bakken position and developmental activities, but also to Hess' large and diverse global project portfolio."

The transaction is subject to customary closing conditions, including approval of American Oil & Gas' shareholders.  Holders of approximately 20.5 percent of American Oil & Gas common stock have agreed to vote their shares in favor of the merger.  Completion of the transaction is expected in the fourth quarter of 2010. In connection with the transaction, Goldman, Sachs & Co. is acting as financial advisor to Hess, and Tudor,

- 10 -

Pickering, Holt & Co. Securities Inc. is acting as financial advisor and provided a Fairness Opinion to American Oil & Gas.  Legal counsel is being provided by White & Case LLP for Hess and Patton Boggs LLP for American Oil & Gas.

33.  The Proposed Buyout, according to the joint press release, represents a mere 9.4% premium to the price of American Oil's stock at closing on July 27, 2010.  But the market viewed the Proposed Buyout even less favorably.  After the announcement, on July 28, 2010, American Oil's shares closed at $7.14 per share, representing only a 6.73% increase from the day before.  The July 28, 2010 closing price also represents a *discount* to American Oil's stock price on May 3, 2010, which hit $7.74 per share.

34.  The Proposed Buyout also represents a significant discount to analysts' expectations of American Oil's stock price. According to Thomson/First Call, one analyst set a target price of *$10.00 per share* and the mean target of all seven analysts covering American Oil was $8.79 per share before the announcement of the Proposed Buyout.

35.  American Oil's stockholders have enjoyed tremendous gains in the value of their stock throughout the past year.  The paltry consideration offered by Hess does not take into account the significant improvement in American Oil's financial performance that propelled the Company's stock price from just $0.61 per share to $6.69 per share on July 27, 2010, *representing a 1000% increase*. That rise would have continued unabated but for the announcement of the Proposed Buyout on July 27, 2010, which serves to temporarily restrict the ascension of American Oil's stock price.  Over the next four quarters, according to Thomson/First Call, analysts predict astounding 822.50% and 265.70% increases in American Oil's

sales growth over this year and next, respectively. For the next quarter, analysts predict a **1,150.50%** increase in American Oil's sales.

36. Hess's stock price, on the other hand, has seen a nearly 20% decrease in the past three months. Notably, Hess's production in the United States was derived principally from properties offshore in the Gulf of Mexico, which include the Shenzi (Hess 28%), Llano (Hess 50%), Conger (Hess 38%), Baldpate (Hess 50%), Hack Wilson (Hess 25%) and Penn State (Hess 50%) fields. According to its last annual report, Hess had actually planned on increasing its drilling operations in the Gulf of Mexico in 2010.

37. Thus, if the Proposed Buyout is allowed to proceed, American Oil shareholders – who have seen a 1,000 percent increase in their Company stock in the past year – will be forced to turn over their American Oil shares in exchange for rapidly declining securities in a company whose primary United States production in 2009 came from the Gulf of Mexico. In the wake of the BP disaster, that is not a good trade.

38. To illustrate, American Oil's stock price over the past 12 months is compared to that of Hess in the chart below:



39.   The Individual Defendants, along with top Company executives, held a combined 8,199,762 shares as of April 27, 2010, and stand to gain at least *$57 million* from their negotiation of the Proposed Buyout.   Much of these holdings are in the form of illiquid large block or restricted stock options that could not have otherwise been sold in the near term.

40.   In pursuing the unlawful plan to sell the Company for less than fair value, defendants have breached their fiduciary duties of loyalty, due care, independence, candor, good faith and fair dealing, and/or have aided and abetted such breaches.   Instead of acting in the best interests of American Oil's shareholders, defendants spent a substantial effort tailoring the Proposed Buyout to meet their own needs and those of Hess.   Immediate judicial intervention is warranted here to rectify existing and future irreparable harm to the Company's shareholders.   Plaintiff seeks to enjoin the Proposed Buyout or, alternatively, rescind the Proposed Buyout in the event it is consummated.

**CAUSE OF ACTION**

**Claim for Breach of Fiduciary Duties**
**Against All Defendants**

41.   Plaintiff repeats and realleges each allegation set forth herein.

42.   The Individual Defendants have violated fiduciary duties of care, loyalty, candor and independence owed under applicable law to the public shareholders of American Oil and have acted to put their personal interests ahead of the interests of American Oil shareholders.

- 13 -

43.   By the acts, transactions and courses of conduct alleged herein, defendants, individually and acting as a part of a common plan, are attempting to advance their interests at the expense of plaintiff and other members of the Class.

44.   The Individual Defendants have violated and continue to violate their fiduciary duties by attempting to enter into a transaction without regard to the fairness of the transaction to American Oil's shareholders.   Defendants American Oil and Hess directly breached and/or aided and abetted the Individual Defendants' breaches of fiduciary duties owed to plaintiff and the other holders of American Oil stock.

45.   As demonstrated by the allegations above, the Individual Defendants failed to exercise the care required, and breached their duties of loyalty, good faith, candor and independence owed to the shareholders of American Oil because, among other reasons:

(a)   they failed to properly value American Oil; and

(b)   they ignored or did not protect against the numerous conflicts of interest resulting from their own interrelationships or connection with the Proposed Buyout.

46.   Because the Individual Defendants dominate and control the business and corporate affairs of American Oil, and are in possession of private corporate information concerning American Oil's assets, business and future prospects, there exists an imbalance and disparity of knowledge and economic power between them and the public shareholders of American Oil which makes it inherently unfair for them to pursue any proposed transaction wherein they will reap disproportionate benefits, which will absolve them of their liabilities, to the detriment of holders.

- 14 -

1    47.  By reason of the foregoing acts, practices and course of
2  conduct, the Individual Defendants have failed to exercise ordinary
3  care and diligence in the exercise of their fiduciary obligations
4  toward plaintiff and the other members of the Class.

5    48.  As a result of the actions of defendants, plaintiff and
6  the Class will suffer irreparable injury as a result of defendants'
7  self-dealing.

8    49.  Unless enjoined by this Court, the Individual Defendants
9  will continue to breach their fiduciary duties owed to plaintiff
10  and the Class and may consummate the Proposed Buyout.

11    50.  The Individual Defendants are engaging in self-dealing,
12  are not acting in good faith toward plaintiff and the other members
13  of the Class, and have breached and are breaching their fiduciary
14  duties to the members of the Class.

15    51.  Plaintiff and the members of the Class have no adequate
16  remedy at law.  Only through the exercise of this Court's equitable
17  powers can plaintiff and the Class be fully protected from the
18  immediate and irreparable injury which defendants' actions threaten
19  to inflict.

20                        **PRAYER FOR RELIEF**

21    WHEREFORE, plaintiff demands preliminary and permanent
22  injunctive relief in his favor and in favor of the Class and
23  against defendants as follows:

24    A.   Declaring that this action is properly maintainable as a
25  class action;

26    B.   Enjoining defendants, their agents, counsel, employees,
27  and all persons acting in concert with them from consummating the
28  Proposed Buyout unless and until the Company adopts and implements

1  a procedure or process to obtain the highest possible price for

2  shareholders;

3      C.   Directing the Individual Defendants to exercise their

4  fiduciary duties to obtain a transaction which is in the best

5  interests of American Oil's shareholders;

6      D.   Rescinding, to the extent already implemented, the

7  Proposed Buyout and any of the terms thereof;

8      E.   Awarding plaintiff the costs and disbursements of this

9  action, including reasonable attorneys' and experts' fees; and

10     F.   Granting such other and further equitable relief as this

11 Court may deem just and proper.

12 DATED:   July 29, 2010    THE O'MARA LAW FIRM, P.C.
    WILLIAM M. O'MARA
13     DAVID C. O'MARA

14

15     DAVID C. O'MARA

16

17     311 East Liberty Street
    Reno, NV  89501
    Telephone:   775/323-1321
18     775/323-4082 (fax)

19     LAW OFFICES OF ALFRED G.
       YATES, JR., P.C.
20     ALFRED G. YATES, JR.
    519 Allegheny Building
21     429 Forbes Avenue
    Pittsburgh, PA  15219
22     Telephone:   412/391-5164
    412/471-1033 (fax)

23     Attorneys for Plaintiff

24

25

26

27

28

- 16 -

**AFFIRMATION**
(Pursuant to NRS 239B.030)

The undersigned does hereby affirm that the preceding document filed in the above referenced matter.

__X__    Document does not contain the social security number of any person

-OR-

_____    Document contains the social security number of a person as required by:

_____ A specific state or federal law, to wit:

-or-

_____ For the administration of a public program

-or-

_____ For an application for a federal or state grant

-or-

_____ Confidential Family Court Information Sheet (NRS 125.130, NRS 125.230 and NRS 125B.055)

DATED:   July 29, 2010           THE O'MARA LAW FIRM, P.C.

                                  DAVID C. O'MARA, ESQ.

- 17 -